# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

**GLOBAL RETAIL ENTERPRISES, INC.,**
**VIRGIL KLUNDER,**

                    **Plaintiffs,**

**-vs-**                                                    Case No.  **2:06-cv-463-FtM-34DNF**

**PERSONALIZED PRODUCTS, LLC, JUST**
**4 U PRODUCTS, LLC, PCL**
**ENTERPRISES, LLC, PAUL LARUE,**

                    **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

        This cause came on for consideration on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO COMPEL ARBITRATION AND STAY OR DISMISS PROCEEDINGS (Doc. No. 27)** |
| **FILED:** | **May 25, 2007** |

        **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**.

        The Defendants, Personalized Products, LLC, Just 4 U Products, LLC, PCL Enterprises, LLC,

and Paul LaRue are requesting that the Court refer all of the claims in this matter to arbitration and

either stay or dismiss this action.  The Plaintiffs, Global Retain Enterprises, Inc. and Virgil Klunder

argue that the overall agreement between the parties did not mandate arbitration, and even if it did, the

Defendants waived their right to arbitrate.  This matter was referred to this Court by Order (Doc. 46)

entered on February 5, 2008, by the Honorable Marcia Morales Howard, United States District Judge.


## I.   Allegations in the Complaint

The Plaintiffs allege in the Complaint that Global Retail Enterprises, Inc.[1] ("Global") is in the

business of providing business expertise, resources, customer relationships, and personnel to entities

so that they are able to design, construct and promote turn-key national retail merchandising programs

to sell products on a national level. (Com.[2] ¶16).  The Defendants wanted to start a new business

creating a product line consisting of personalized children's music on compact discs.  (Com. ¶24).  The

Defendant, Paul LaRue approached the Plaintiff, Virgil Klunder regarding developing a sales,

marketing, and distribution program for this new product.  (Com. ¶27).  A Distribution Agreement

("Agreement") was entered into on November 11, 2003.  (Com. ¶30).  The Plaintiffs allege that the

Defendants breached the terms of the Agreement by failing to make payments and sabotaging and

disrupting the Plaintiffs' marketing, promotion and distribution efforts. (Com. ¶84, 87).  The Plaintiffs

have brought actions for Breach of Contract, Breach of Partnership Agreement, Breach of Implied

Covenant of Good Faith and Fair Dealing, Breach of Fiduciary Duties, Misappropriation of Trade

Secrets, Tortious Interference, Unjust Enrichment, Quantum Meruit, and Common Law Defamation.

---

[1]   In the Complaint,  Global Retail Enterprises, Inc. alleges that it is the successor in interest to Global Retail Ventures, Inc. and has expressly assigned all of its contracts to Global Retail Enterprises, Inc.  (Com. ¶2).  The Distribution Agreement at issue was entered into between Global Retail Ventures, Inc. and Personalized Products, LLC. (See, Exh. A to Com.).

[2]  "Com." refers to the Complaint for Damages and Injunctive Relief and Demand for Jury Trial (Doc. 1) filed September 8, 2006.

## II.  Arbitration Clause

On September 11, 2003, Global Retail Ventures, Inc. and Personalized Products, LLC entered into a Distribution Agreement.  (¶13, p. 7 of Exh. A to Com.). The Agreement contains the following Paragraph:

> 13   <u>Arbitration</u>: Any controversy or claim arising out of or relating to this Agreement, or breach thereof, or regarding the failure or refusal to perform the whole or any part of this agreement, shall be settled by The American Arbitration Association, in accordance with their rules and regulations.  Any decision made by an arbitrator or Arbitrators under this provision shall be enforceable as a final and binding decision as if it were a final decision or decree of a court of competent jurisdiction. This provision in no way limits either party's right to obtain injunctive relief.

## III.  Analysis

The Defendants filed the instant motions pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*  Section 2 of the Act provides, in part as follows:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. §2.  Section 2 is a declaration by Congress of the liberal federal policy favoring arbitration agreements. *Senti v. Sanger Works Factory, Inc.*, 2007 WL 1174076, *4 (M.D. Fla. 2007).   Section 3 of the Act requires that upon a motion by a party,  the court must stay an action if an action is brought which is referable to arbitration under a written agreement.  9 U.S.C. §3.

Congress mandated a federal policy which favors arbitration agreements.  *Senti*, 2007 WL 1174076 at*4 (citing *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002)).   Therefore,

arbitration clauses are generally construed in favor of arbitration.  *Id*. (citing, *Mose H. Cone Mem. Hospital v. Mercury Const. Corp*, 460 U.S. 1, 24 (1983) and *Ruby-Collins, Inc. v. City of Huntsville, Ala.*, 748 F.2d 573, 576 (11th Cir. 1984)).  The issue of whether the parties agreed to arbitrate is decided by the court and not the arbitrator, unless the agreement clearly provides otherwise.  *Senti v. Sanger Works Factory, Inc.*, 2007 WL 1174076 at 4.  "Generally, when deciding whether the parties agreed under the FAA to arbitrate a certain matter, courts 'should apply ordinary state-law principles that govern the formation of contracts.'"  *Id*. at 5 (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)).  Therefore, the Court must look to Florida law to determine whether the parties entered into an enforceable arbitration agreement.  *Id*. (citing *A.I. Trade Finance, Inc. v. Petra International Banking Corp.*, 62 F.3d 1454, 1563 (D.C. Cir. 1995)).  Under both Federal and Florida law, a court must consider three factors in ruling on a motion to compel arbitration: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitrate was waived.  See, *Seifert v. U.S. Home Corp.*, 750 So.2d 633 (Fla. 1999) and *Florida Farm Bureau Insurance Companies v. Pulte Home Corporation*, 2005 WL 1345779, *3 (M.D. Fla. 2005) (citations omitted).  As with Federal law, in Florida, all issues regarding the right to arbitrate under a contract should be resolved in favor of arbitration.  *Zager Plumbing, Inc. v. JPI Nat. Const., Inc.* 785 So.2d 660, 662 (Fla. 3d DCA 2001).

In the instant case, the issues raised were whether a mandatory agreement to arbitrate exists and whether the right to arbitrate was waived.  The Plaintiffs did not raise any issues as to whether an arbitrable issue exists, and therefore, upon review of the claims raised in the Complaint, the Court finds that arbitrable issues exist.

## A. Mandatory versus Permissive Arbitration

The Plaintiffs argue that in the Agreement, the right to arbitrate any conflicts is permissive rather than mandatory and cite to the express language of the Agreement.  In the section entitled, "Venue", there is the following language:

> This Agreement and the rights and obligations of the parties under this Agreement shall be governed by, and construed and enforced in accordance with the laws of the State of Florida.  All parties expressly consent to be subject to the personal and corporate jurisdiction of the Courts of Lee County, Florida.  The law of Florida shall govern the validity, interpretation, construction and performance of this Agreement and any litigation or arbitration proceedings relating to this Agreement shall only be determined judicially or by arbitrations within the jurisdiction of Florida.

(¶10, p. 6 of Exh. A to Com.).  The Plaintiffs also direct the Court to the language on page 7 of the Agreement above the signatures which provides as follows: "In the event of any litigation or arbitration arising by virtue of this Agreement, the prevailing party shall be entitled to an award of all court costs, arbitration or litigation expenses and attorney's fees at both trial and appellate levels and at all arbitration proceedings."  (p. 7 of Exh. A to Com.).  The Plaintiffs argue that these provisions allow the parties to chose either litigation or arbitration.

The question of whether a dispute is subject to arbitration is a matter of contract interpretation. *Florida Environment Services, Inc. v. Rentoumis*, 950 So.2d 466, 470 (Fla. 4th DCA 2007).  Even though the law favors arbitration, "'an arbitration clause remains subject to the contract law requirement 'that the court discern the intent of the parties from the language used in their agreement.'" *Id*. (quoting *Ocwen Federal Bank FSB v. LVWD, Ltd.*, 766 So.2d 248, 249 (Fla. 4th DCA 2000)).  The language of the agreement defines the scope of the agreement to arbitrate. *Id*. (citation omitted).  No party may be forced to submit claims to arbitration when the party did not intend to agree to arbitrate. *Seifert v. U.S. Home Corporation*, 750 So.2d 633, 636 (Fla. 1999).

The arbitration clause in the Agreement provides that any controversy or claim "arising out of or relating to this Agreement or breach thereof, or regarding the failure or refusal to perform the whole or any part of this Agreement, **shall** be settled by The American Arbitration Association, in accordance with their rules and regulations." (emphasis added) (¶13, p. 7 of Exh. A to Com.).   The arbitration clause also provides that any decision made by the arbitrator "**shall** be enforceable as a final and binding decision as if it were a final decision or decree of a court of competent jurisdiction." (emphasis added) (¶13, p. 7 of Exh. A to Com.).  From the language of the arbitration clause, the intent of the parties is clear that any dispute arising out of or relating to the Agreement must be resolved by arbitration.   The venue clause provides that the parties agree to the jurisdiction of the Courts of Lee County, Florida and any litigation or arbitration proceedings relating to the Agreement "shall only be determined judicially or by arbitrations within the jurisdiction of Florida."  (¶10, p. 6 of Exh. A to Com.).  The other clause provides that if any litigation or arbitration arises from the Agreement, the prevailing party is entitled to an award of costs, arbitration or litigation expenses.  (p. 7 of Exh. A to Com.).

The issue is whether the parties intended that these two clauses override the mandatory language in the Arbitration clause, thereby making arbitration permissive.  Looking at the whole Agreement, the Court determines that the clear meaning of the venue and other clause which include language regarding litigation are contingency clauses that if an action arising out of or relating to this Agreement does go to litigation, then the parties have made certain agreements as to litigation. One such instance would be if the parties waived their rights to arbitrate the claim, and resorted to litigation, then the parties intent regarding litigation would be covered by the Agreement.  The language of the Arbitration clause is clear that any controversy or claim arising out of or relating to this Agreement or

a breach of the Agreement "shall be settled by The American Arbitration Association." (¶13, p. 7 to Exh. A to Com.).   The Court finds that it is the parties clear intent to bring any dispute arising out of or relating to the Agreement before The American Arbitration Association.


### B.   Waiver

The Plaintiffs assert that the Defendants have waived their right to compel arbitration by their delay in filing the Motion to Compel Arbitration and by their numerous actions which were inconsistent with the right to arbitrate. Further, the Plaintiffs assert that they will be prejudiced if compelled to arbitrate this matter. When a party asserts that a waiver occurred, the party must show, "'1) knowledge of an existing right to compel arbitration; 2) acts inconsistent with that existing right; and 3) prejudice to the party opposing arbitration resulting from such inconsistent acts.'" *Snelling and Snelling, Inc. v. Reynolds*, 140 F.Supp.2d 1314, 1321-22 (M.D. Fla. 2001) (quoting *NCR Credit Corp. v. Reptron Electronics, Inc.*, 863 F.Supp. 1561, 1565 (M.D. Fla. 1994)).   If a party can prove these three elements, then the opposing party has waived its right to arbitrate the dispute. *Id*. at 1322.   However, a court must bear in mind that federal policy favors the enforcement of arbitration agreements and a court must resolve all disputes in favor of arbitration, including those disputes regarding waiver. *Id*.

 "Nonetheless, this Circuit has held that despite the federal policy favoring the enforcement of arbitration agreements, a party may waive its right through it conduct. *Id*. (citing *S & H Contractors, Inc. v. A.J. Taft Coal Company, Inc.*, 906 F.2d 1507, 1514 (11th Cir. 1990)).   A court must consider the totality of the circumstances to determine if a party has acted inconsistently with the right to arbitrate. *S & H Contractors, Inc. v. A.J. Taft Coal, Company, Inc.*, 906 F.2d 1507, 1514 (11th Cir. 1990) (citation omitted).

The first element that the Plaintiffs must prove is that the Defendants had knowledge of an existing right to compel arbitration.  "A party who signs a contract is presumed to know and understand the contents of the terms and conditions of the contract.  *Snelling and Snelling, Inc.*, 140 F.Supp.2d 1322 (citing *Sabin v. Lowe's of Florida, Inc.*, 404 So.2d 772, 773 (Fla. 5th DCA 1981)). Paul LaRue signed the Agreement on behalf of Personalized Products, LLC on November 24, 2003. The Arbitration clause was included in the Agreement, and absent any evidence to the contrary, the Defendants are presumed to know and understand the contents of the Agreement, including the agreement to arbitrate disputes.   Therefore, the Plaintiff has satisfied the first element.

The second element the Plaintiffs must prove is that the Defendants acted  inconsistently with the right to arbitrate.  The Plaintiffs assert that the delay in filing the Motion to Compel Arbitration and the Defendants' participation in the ligation are inconsistent with their right to arbitrate.  Regarding the delay, the Plaintiffs argue that the Defendants should have filed a motion to compel arbitration in a prior case, and then waited over eleven (11) months to file their Motion to Compel Arbitration in this case. Global Retail Enterprises filed a prior action on June 23, 2006 in Circuit Court of Lee County, Florida, which was removed to Federal Court. (See, Case No. 2:06-cv-327-FtM-99DNF).  In that action Personalized Products, LLC failed to file a motion to compel arbitration.[3]  That action was pending less than 2 months.  The Plaintiffs then filed the instant action on September 8, 2006.  The Plaintiffs assert that the Defendant waited over eleven (11) months in the instant action to file their Motion to Compel Arbitration.   The Defendants respond that they filed their Motion to Compel Arbitration less than two (2) months after the Motion to Dismiss for Lack of Jurisdiction was

---

[3]  The specifics of the filings by the Defendants in the prior case and in the instant case are set forth below relating to the arguments that the Defendants acted inconsistently with their right to arbitrate.

withdrawn.  The Defendants argue that the issue of jurisdiction had to be determined prior to raising the issue of arbitration because without jurisdiction, the Court would not have the power to order arbitration.

The Plaintiffs also assert that the Defendants have litigated this case and the previous case to the extent that they have waived their right to arbitrate.  The Plaintiffs allege that on June 23, 2006, Global Retail Enterprises, Inc. filed an action against Personalized Products LLC, in the Circuit Court of Lee County, Florida asserting various claims relating to breaches of the parties' Agreement and other wrongful conduct by Personalized Products LLC.  Personalized Products LLC filed a Notice of Removal seeking to remove the action to the Middle District of Florida.  (See, Case No. 2:06-cv-327-FtM-99DNF).   In response to an Order to Show Cause (Doc. 8 in 2:06-cv-327-FtM-99DNF), Personalized Products LLC filed a Memorandum in Support of Jurisdiction (Doc. 9 in 2:06-cv-327-FtM-99DNF).   Personalized Products LLC also filed a Memorandum of Law in Opposition to Plaintiff's Motion for Preliminary Injunction (Doc. 10 in Case No. 2:06-cv-327-FtM-99DNF).  The Court entered an Opinion and Order (Doc. 13 in Case No. 2:06-cv-327-FtM-99DNF) which denied the Motion for Temporary Restraining Order which was construed as a Request for Preliminary Injunction.  On August 18, 2006, Global Retail Enterprises, Inc. filed a Notice of Voluntary Dismissal (Doc. 16 in Case No. 2:06-cv-327-FtM-99DNF) and the case was closed.   In that prior case, Personalized Products LLC did not move to compel arbitration.

On September 8, 2006, the Plaintiffs filed this current action in this Court.  The Defendants filed a Motion to Dismiss for Lack of Jurisdiction (Doc. 11).  After a period of discovery on jurisdictional issues only, the Defendants withdrew their Motion to Dismiss for Lack of Jurisdiction (Doc. 23).  No

depositions were taken, however, the Defendants did produce documents responsive to the Plaintiffs' requested discovery.

The Court is cognizant that there is a strong policy in favor of arbitration. *S & H Contractors, Inc. v. A.J. Taft Coal Company, Inc.*, 906 F.2d 1507, 1514 (11th Cir. 1990) *cert. denied* 498 U.S. 1026 (1991).  Other courts have considered whether the defendant filed an answer, engaged in taking depositions, requested document production, served written discovery and responded to written discovery before seeking to compel arbitration when deciding if a defendant had waived its right to arbitration. *Snelling and Snelling, Inc.*, 140 F.Supp.2d 1314, 1322 (M.D. Fla. 2001).  Another court determined that a defendant waived its right to arbitration by an eight month delay in filing the motion to compel arbitration coupled with filing two motions to dismiss, an opposition to a motion for discovery, and taking five depositions.  *S & H Contractors, Inc.*, 906 F.2d at 1514.   A third court found that a defendant had waived its right to arbitrate when it conducted discovery in preparation for trial, deposed the plaintiff, responded to discovery, and delayed a year and eight months in seeking arbitration.  *Stone v. E.F. Hutton & Company, Inc.*, 898 F.2d 1542,1543 (11th Cir. 1990).

In the prior case, the Court entered an Order to Show Cause which required Personalized Products, LLC to respond to the issue of jurisdiction.  Basically, Personalized Products, LLC was compelled by the Court to file its memorandum. Personalized Products also filed a response to a Motion for Temporary Restraining Order construed as a Motion for Preliminary Injunction.  Eight days after a ruling on the Motion for Temporary Restraining Order, Global Retail Enterprises, Inc. voluntarily dismissed the case.

In the instant case, the Defendants filed a Motion to Dismiss for Lack of Jurisdiction and responded to requests for production of documents relating to jurisdiction.  There are no allegations

that the Defendants propounded discovery or that any depositions were taken.  They did eventually withdraw their Motion to Dismiss.

In the instant case, the decision whether the Defendants waived their right to arbitrate is not cut and dried.  The Defendants responded to a court order and to a motion in the prior case, and filed a motion to dismiss and responded to discovery in the instant case. They did voluntarily withdraw their Motion to Dismiss.  The Defendants did delay eleven (11) months, but waited less than two (2) months after they withdrew their Motion to Dismiss to file the Motion to Compel Arbitration.  Further, on the date they filed their Motion to Compel Arbitration, May 25, 2007, none of the deadlines in the Case Management and Scheduling Order had passed. They have not conducted discovery of their own, have not filed an Answer, and have filed no other dispositive motions.  The Court must rely on federal policy which favors the enforcement of arbitration agreements and the Court must resolve all disputes in favor of arbitration, including this dispute regarding waiver. Therefore, based upon the strong federal policy favoring arbitration, the Court determines that the Defendants have not acted inconsistently with their right to arbitrate.

The Court must also consider the third element, whether the Plaintiffs were prejudiced by the Defendants' inconsistent acts.  The Plaintiffs assert that the Defendants' delay in filing the Motion to Compel caused them to incur substantial attorney's fees and costs related to the prior litigation and this litigation.  The Plaintiffs claim that they have expended $100,000 in attorney's fees and costs along with a great many hours of work done by the corporate representatives.  Further the Plaintiffs argue that due to the delay in the cases, the Defendants have not made any payments on the money that is owed under the Agreement.   The amount of money expended by the Plaintiffs is great. However, in the prior case, the case was pending for a very short time period prior to the Global Retail Enterprises,

Inc. voluntarily dismissing the matter. In the instant case, the Plaintiffs have not conducted any merits discovery, have not taken any depositions, and have not filed any dispositive motions. The Court finds that the Defendants acts did not cause prejudice to the Plaintiffs. The Court concludes that the Motion to Compel Arbitration and Stay or Dismiss Proceedings should be granted to the extent that arbitration be compelled and this action be stayed.

### IV.  Conclusion

The Court respectfully recommends that the Motion to Compel Arbitration and Stay or Dismiss Proceedings (Doc. 27) be granted in part and denied in part as follows:

1) The parties be directed to arbitrate this action and notify the Court when arbitration is completed;

2) This action be stayed pending arbitration and the Court retain jurisdiction to enforce the arbitration award, if any.

3) The motion to dismiss be denied; and

4) The Clerk be directed to administratively close this file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this __27th__ day of February, 2008.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record