**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

GLOBAL RETAIL ENTERPRISES, INC., a
Florida corporation, and VIRGIL KLUNDER,
individually,

    Plaintiffs,

vs.                                                                                          Case No.  2:06-cv-463-FtM-34DNF

PERSONALIZED PRODUCTS, LLC, a
Tennessee limited liability company, JUST 4
U PRODUCTS, LLC, a Tennessee limited
liability company, PCL ENTERPRISES, LLC,
a Tennessee limited liability company, and
PAUL LARUE, individually,

    Defendants.
_____/

## O R D E R[1]

**THIS CAUSE** is before the Court on Magistrate Judge Douglas N. Frazier's Report and Recommendation (Dkt. No. 48; Report), entered February 27, 2008, recommending that the Court grant, in part, Defendants' Motion to Compel Arbitration and Stay or Dismiss Proceedings (Dkt. No. 27; Motion), direct the parties to arbitrate this action, and stay the case pending the completion of arbitration.  In the Report, the Magistrate Judge further recommends that the Court deny Defendants' request to dismiss this case with prejudice. See Report at 12.  To date, no objections to the Report have been filed, and the time for doing so has passed.  See Rule 72(b)(2), Federal Rules of Civil Procedure.

---

       [1] This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically.  However, it has been entered only to decide the motions addressed herein and is not intended for official publication or to serve as precedent.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Rule 72(b) advisory committee's note (1983); see also Macort v. Prem, Inc., No. 06-12316, 208 Fed. Appx. 781, 784-85 (11th Cir. Nov. 30, 2006) (per curiam). Therefore, if no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings, but will review the legal conclusions in the report de novo to determine whether there is any clear error. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007); see also 28 U.S.C. § 636(b)(1).

Based upon an independent examination of the record and a de novo review of the legal conclusions, the Court finds that there is no clear error on the face of the record and it will accept the recommendation of the Magistrate Judge, compel the parties to participate in arbitration, and stay this case pending the completion of the arbitration.[2]

---

[2] The Court has reviewed and agrees with the conclusions of the Magistrate Judge with regard to all of the arguments raised in the Motion as well as Plaintiffs' Response Memorandum of Law in Opposition to Defendants' Motion to Compel Arbitration (Dkt. No. 32; Opposition). The Court takes this opportunity to make a few additional observations regarding Plaintiffs' argument that Defendants waived their right to compel arbitration. In particular, the Court finds that Plaintiffs' assertion that Defendants waived the right to arbitration by Defendant Personalized Products, LLC's actions in the previous litigation to be completely without merit. In the previous action (Case No. 2:06-cv-327-FtM-99DNF), unlike in the instant case, Plaintiff Global Retail Enterprises, Inc. merely sought declaratory and injunctive relief. See Verified Complaint (Dkt. No. 2), filed in Case No. 2:06-cv-327-FtM-99DNF. However, the arbitration clause in the agreement at issue provides that "[t]his provision in no way limits either party's right to obtain injunctive relief." Complaint for Damages and Injunctive Relief [(sic)] (Dkt. No. 1; Complaint) Ex. A at 7. Plaintiff also voluntarily dismissed that action before Defendant responded to the Verified Complaint. Consequently, the fact that Defendant did not seek to compel arbitration in that action is not evidence of the instant Defendants acting inconsistently with their right to arbitrate. Furthermore, Plaintiffs suggest that, in order to act consistently with their right to arbitrate, Defendants should have filed the motion to compel at the same time that they filed their motion to dismiss based (continued...)

Accordingly, it is hereby **ORDERED**:

1. Magistrate Judge Douglas N. Frazier's Report and Recommendation (Dkt. No. 48) is **ACCEPTED**.

2. Defendants' Motion to Compel Arbitration and Stay or Dismiss Proceedings (Dkt. No. 27) is **GRANTED, in part, and DENIED, in part**.

   a. The motion is **GRANTED** to the extent this case is hereby referred to arbitration as provided for in the Distribution Agreement By and Between Global Retail Ventures, Inc. and Personalized Products, LLC, attached as Exhibit A to the Complaint for Damages and Injunctive Relief [(sic)] (Dkt. No. 1).

   b. This case is **STAYED** pending the completion of the arbitration proceedings and notification from the parties that the case is due to be reopened or dismissed. The Clerk of the Court is **directed** to terminate any pending motions or deadlines and administratively close the file.

   c. Defendants shall file a status report upon the conclusion of the arbitration. If the arbitration is not completed by **July 28, 2008**, then Defendants shall file a status report at that time and every 120 days thereafter until the arbitration is completed.

---

[2](...continued)
on lack of personal jurisdiction. See Opposition at 18-19. Despite this statement, Plaintiffs fail to acknowledge that Defendants did suggest that they may enforce their right to arbitration, once their challenge to the Court's personal jurisdiction had been resolved. See Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. No. 11) at 5 n.1. Defendants provided notice of this possibility less than one month after being served with the Complaint in this case, which seeks monetary damages and not injunctive and declaratory relief as in the previous lawsuit filed by Plaintiff. For all of this reasons as well as those identified by the Magistrate Judge, the Court concludes that Defendants did not act inconsistently with their right to arbitrate.

      d.     In all other respects, the motion is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this 28th day of March, 2008.

*/s/ Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

lc1
Copies to:

Counsel of Record